UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NYREE BELTON,

           Debtor and Plaintiff on
           behalf of herself and all
           others similar situated,

-against-

GE CAPITAL CONSUMER LENDING,
INC., A/K/A GE MONEY BANK

           Defendant.

Case No. 21-cv-9492 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/2022

# DECISION AND ORDER WITHDRAWING THE BANKRUPTCY REFERENCE, FINALLY APPROVING THE SETTLEMENT, AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND RELATED COSTS

This matter came before the court on the parties' joint motion to withdraw the reference of the class action adversary proceeding, Adv. Proc. No. 14-08223 (RDD), from the Bankruptcy Court. *See* Dkt. No. 1. Plaintiff Nyree Belton, on behalf of herself and others similarly situated, moves for final approval of the parties' settlement of this class action lawsuit. *See* Dkt. No. 6. Plaintiff also moves for an award of attorney's fees, expenses, and an incentive award. *See* Dkt. No. 10. Defendant does not oppose the motions.

This court held a hearing on February 10, 2022 (the "Settlement Hearing"), on motion of Class Counsel in the above-captioned action to, among other things, determine (i) whether the terms and conditions set forth in the Settlement Agreement[1] are fair, reasonable, and adequate and should be approved by the court; (ii) whether a judgment providing, among other things for the

---

[1] Unless otherwise defined, all capitalized terms have the same meaning as set forth in the Settlement Agreement. *See* Settlement Agreement and Release, Exhibit A of the Declaration of Adam R. Shaw in Support of the Motion for Final Approval of the Settlement, Dkt. No. 8.

1

dismissal with prejudice of the action against GE Capital Retail Bank, f/k/a GE Money Bank and n/k/a Synchrony Bank ("GECRB" or "Defendant") as provided for in the Settlement Agreement should be entered; and (iii) whether this court should grant Plaintiff's unopposed motion for attorney's fees, expenses, and an incentive award payment.

For the reasons set forth below: (1) the motion to withdraw the bankruptcy reference is GRANTED; (2) the court affirms certification of the Settlement Class and designation of the Class Representative and Class Counsel is affirmed; (3) the underlying action against GE Money Bank is dismissed with prejudice; (4) the motion for final approval of the Settlement Agreement is GRANTED; and (5) the motion for an award of attorney's fees, costs, and an incentive fee payment is GRANTED.

## BACKGROUND

Plaintiff Nyree Belton filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York on May 31, 2012. *In re Belton*, No. 12-23037 (RDD). The Bankruptcy Court entered a discharge order on September 11, 2012. Two years later, on or about February 28, 2014, Plaintiff moved to reopen her bankruptcy for the purpose of challenging Defendant GECRB's conduct related to debts discharge by the Bankruptcy Code and the Bankruptcy Court granted her motion.

**The Adversary Proceeding**. Plaintiff Nyree Belton, individually and on behalf of all others similarly situated, commenced the underlying bankruptcy adversary class action on April 30, 2014, by filing a complaint against GECRB. *See Belton v. GE Capital Consumer Lending, Inc.*, Adv. Pro. No. 14-08223 (RDD). This case is one of several related class actions filed in the United States Bankruptcy Court for the Southern District of New York against different defendant

2

banks who are alleged to have engaged in substantively identical conduct in violation of the discharge injunction.

Plaintiff alleges that GECRB habitually attempts to collect Chapter 7 discharged consumer debts by refusing, as a policy, to update its credit furnishing to reflect that the debts were discharged in Chapter 7 bankruptcy. She further alleges that GECRB's failure to update its credit furnishing to reflect Chapter 7 bankruptcy discharges pressures consumers to repay discharged debt in order to have the negative information removed from their credit reports. Plaintiff asserts that GECRB's systematic refusal to update its credit furnishing violates the discharge injunction set forth in § 524 of the Bankruptcy Code. GECRB denies these allegations and denies that its conduct violated the discharge injunction.

**The Settlement Agreement**. After engaging in extensive arm's length negotiations, with the help of the learned Judge Drain, the parties reached a settlement, memorialized by the Settlement Agreement. The parties submit that GECRB has addressed the credit furnishing with respect to Class Members' Affected Accounts and, under the terms of the Settlement, if GECRB sells debt, it has represented and warranted that it will address Tradelines related to those sales as set forth in the Settlement Agreement. The Settlement provides significant monetary relief to the Class, obligating GECRB to pay up to $8.455 million (the "Settlement Fund"). From this Settlement Fund, those Settlement Class Members who made a payment or payments of a discharged debt to GECRB or to a Debt Buyer to whom a GECRB Affected Account was sold may seek reimbursement. Participating Claimants who submit a Qualifying Claim Form shall each receive a *pro rata* portion of the settlement up to a maximum of $175 per claim, as described in the Settlement Agreement. GECRB also represents and warrants that, absent any change in federal or state law or contrary direction or expectation from any government regulator, during the period

set forth in the Settlement Agreement, GECRB will request that the Credit Reporting Agencies update, delete or suppress the Tradelines for Affected Accounts as appropriate. Finally, the costs associated with Notice, Claims, and the administration of the Settlement shall be invoiced by the Settlement Administrator and paid from the Settlement Fund.

On October 5, 2021, Plaintiff moved for preliminary approval of the Settlement in the Bankruptcy Court. On October 28, 2021, the Bankruptcy Court issued an order preliminarily approving the settlement and conditionally certifying the Class, for settlement purposes only, and appointed Nyree Belton as Class Representative and the law firms Boies Schiller Flexner LLP and Charles Juntikka & Associates LLP as Class Counsel.

## DISCUSSION

### I. The parties' joint motion to withdraw the bankruptcy reference is granted.

The parties' joint motion to withdraw to this court the reference of the class action adversary proceeding, Adv. Proc. No. 14-08223 (RDD), from the Bankruptcy Court is hereby GRANTED for the reasons set forth in their joint motion. *See* Dkt No. 1.

### II. The court approves Settlement Class certification and the designation of Class Representative and Class Counsel.

The Settlement Class. Pursuant to Rule 23 of the Federal Rules of Civil procedure, this court hereby recertifies this action as a class action, consistent with the Bankruptcy Court's ruling, with the class defined as the collective group of those individuals who maintained a GECRB Credit Card Account and whose debt related to that Credit Card Account was charged off and either: (i) sold to a Debt Buyer on or after January 1, 2008 through and including December 31, 2010 and who subsequently sought and obtained a discharge of the sold debt as a result of his/her bankruptcy under Chapter 7 of the Bankruptcy Code, on or after January 1, 2008 through and including March

31, 2011; or (ii) sold to a Debt Buyer on or after January 1, 2011 through and including March 31, 2015 and who subsequently sought and obtained a discharge of the sold debt as a result of his/her bankruptcy under Chapter 7 of the Bankruptcy Code, on or after January 1, 2011 through and including March 31, 2015.

The court finds that class certification for settlement purposes under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative and their counsel will fairly and adequately represent and protect the interests of the Class Members; (e) the Class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Designation of Class Representative and Class Counsel. The court confirms the prior appointments of Plaintiff Nyree Belton as Class Representative, and the law firms of Boies Schiller Flexner LLP and Charles Juntikka & Associates LLP as Class Counsel.

### III. The motion for final approval of the Settlement Agreement is granted.

Pursuant to Federal Rule of Civil Procedure 23, this court hereby approves the settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the parties. The court further finds that the Settlement set forth in the Agreement is the result of good faith arm's length negotiations between experienced counsel representing the interests of the parties.

Rule 23(e) requires court approval of any settlement of claims brought on a class basis. "A court may approve a class action settlement only after . . . finding that [the settlement] is fair,

5

reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In order to determine whether a settlement is "fair, reasonable, and adequate," a court must assess whether the settlement is both procedurally and substantively fair. *Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013). And finally, the Settlement must satisfy due process requirements and Rule 23(e) with respect to notice.

A. The Settlement is procedurally fair.

In assessing whether a settlement is procedurally fair, courts apply a "presumption of fairness, reasonableness and adequacy as to the settlement where a class settlement is reached in arm's length negotiations between experienced, capable counsel after meaningful discovery." *McReynolds*, 588 F.3d at 803 (internal quotation omitted).

In order to demonstrate a settlement's procedural fairness, a party must show that "the settlement resulted from arm's-length negotiations and that plaintiffs' counsel have possessed the experience and ability, and have engaged in the discovery, necessary to effective representation of the class's interests." *D'Amato*, 236 F.3d at 85 (internal quotation omitted). When counsel for the parties engage in diligent arm's length negotiations, a settlement is generally entitled to a presumption of fairness. *See In re NASDAQ Mkt. Makers Antitrust Litig.*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998). The participation of a highly qualified mediator in settlement negotiations strongly supports a finding that negotiations were conducted at arm's length and without collusion. *D'Amato*, 236 F.3d at 85.

The Settlement in this case is the product of arm's length negotiations by informed and experienced counsel, following substantial proceedings in the litigation. With respect to discovery, Class Counsel conducted a thorough pre-suit investigation and evaluation of the relevant claims and defenses. The parties have briefed a number of contested issues to the Bankruptcy Court and

litigated multiple appeals of contested issues. Class Counsel has no doubt obtained an understanding of the strengths and weaknesses of Plaintiff's claims.

With respect to the negotiation of the Settlement, both parties are represented by experienced and knowledgeable counsel. Class Counsel has experience in both complex class action litigation and bankruptcy law. The Settlement was reached after the parties engaged in extensive negotiations. The negotiations included a mediation session with an experienced and highly regarded mediator, as well as mediation with the assistance of the learned Bankruptcy Judge, Judge Drain. The court is satisfied that the negotiations were thorough and hard fought, and free from any undue pressure or collusion.

I conclude that the Settlement is procedurally fair.

B. The Settlement is substantively fair.

In assessing whether a settlement is substantively fair, courts in this Circuit use the nine factor-test set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). These factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Id.*

The *Grinnell* factors all weigh in favor of this court's finding that the Settlement is substantively fair and that the Settlement meets the requirements for final approval.

    i. <u>The complexity, expense, and likely Duration of litigation</u>

The procedural history demonstrates that this litigation is, by its nature, complex. And it has already gone on for more than seven years, at significant expense to the parties. If the Settlement is not approved, further litigation would resume, which would be yet more costly, complex, and time-consuming. This litigation would likely include fact discovery, including depositions, interrogatories and requests for admission, and voluminous document discovery, class certification proceedings (and potentially appeals), expert discovery, dispositive motion practice and trial. In addition, post judgment appeals are also possible. The court agrees that this litigation would be costly and time-consuming, and it would require significant judicial oversight.

    ii. <u>The reaction of the Class to the Settlement.</u>

The parties assert that the reaction of the Class to the Settlement has been overwhelmingly positive, as demonstrated by the lack of objections received to-date. Plaintiff asserts in her motion for final approval that, out of over six hundred thousand potential Class Members, no objections have been filed. I agree that the lack of objections from such a large settlement class attests to the fairness of the proposed settlement.

    iii. <u>The stage of the proceedings and the amount of discovery completed.</u>

The action has been pending for more than seven years and the parties have litigated significant issues in the Bankruptcy Court, as well as numerous appeals. While discovery has not progressed to completion in this action, Class Counsel has already taken discovery in several substantively identical actions brought in the Southern District Bankruptcy Court involving other defendant banks, which gives them insight into the type of discovery that is likely in this action. As a result, Class Counsel have gained sufficient insight into the facts and legal issues associated with the case to make the necessary judgments concerning settlement. *See Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531, 2014 WL 4816134, at *6 (S.D.N.Y. Sept. 23, 2014) ("Here, through both

8

formal discovery and an informal exchange of information prior to mediation, Plaintiffs obtained sufficient discovery to weigh the strengths and weaknesses or their claims and to accurately estimate damages at issue."). "Discovery has advanced sufficiently to allow the parties to resolve the case responsibly." *Manley v. Midan Rest. Inc.*, No. 14 Civ. 1693, 2016 WL 1274577, at *9 (S.D.N.Y. Mar. 30, 2016).

    iv.   <u>The risks of establishing liability and damages.</u>

GECRB continues to deny liability. As such, continued litigation presents the likelihood of significantly increased costs, with no guarantee for recovery, let alone a recovery greater than that which the Settlement provides. *See, e.g., Banyai v. Mazur*, No. 00 Civ. 9806, 2007 WL 927583, at *9 (S.D.N.Y. Mar. 27, 2007) ("[I]f settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome.").

    v.   <u>The risk of maintaining Class Action status through trial.</u>

GECRB would likely oppose class certification. And certified classes are subject to modification based on further developments in the litigation. As such, additional challenges to proceeding on a class-wide basis present a risk to the class and its potential recovery. *See, e.g., In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 455 (S.D.N.Y. 2004) (a settlement that is reached prior to the risks of class certification, summary judgment, and trial, is evaluated more leniently in light of the risks it avoids).

    vi.   <u>The ability of the defendant to withstand a greater judgment.</u>

The parties submit that this factor is neutral. Plaintiff asserts that while GECRB would likely be able to withstand a greater judgment, where, as here, the other *Grinnell* factors weigh in favor of settlement, this one factor does not weigh against settlement. *See, e.g., Viafara v. MCIZ*

*Corp.*, No. 12 Civ. 7452, 2014 WL 1777438, at *7 (S.D.N.Y. May 1, 2014) (defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair).

        vii.    <u>The range of reasonableness of the Settlement.</u>

*Grinnell* instructs that the court view the range of reasonableness of the settlement fund in light of (i) the best possible recovery and (ii) all the attendant risks of litigation. Here, Plaintiff alleges that GECRB violated the discharge injunction of the Bankruptcy Code by declining to update its credit furnishing on Class Members' Affected Accounts to remove the "charged off" or other derogatory notation and instead report the debts as "Included in Bankruptcy." As a result of this litigation and as a part of the Settlement, GECRB has told the Credit Reporting Agencies to update or delete the Tradelines associated with Class Members' Affected Accounts and has agreed to address any future issues in an agreed upon manner. This relief provides an excellent outcome for both the Class and for future consumers. Moreover, Class Members are entitled to assert claims against an $8.455 million Settlement Fund. In addition, any Class Members who made payments on discharged debts to GECRB for which they have not already been fully compensated may make a claim for reimbursement and will be reimbursed.

For all of the reasons stated above, the court is satisfied that the Settlement is substantively fair.

    C.    The notice provided satisfied due process and Rule 23.

Rule 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). The notice procedures must be reasonable and comport with due process. *Wal-Mart*, 396 F.3d at 113 ("The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness.") (citations omitted); *Handschu v. Special Servs.*

10

*Div.*, 787 F.2d 828, 833 (2d Cir. 1986) ("the district court has virtually complete discretion as to the manner of giving notice to class members.").

Rule 23(c)(2)(B) also provides that, for any class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must include: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *Id.*

Notice to the Class was reasonable and comported with the requirements of the Federal Rules of Civil Procedure and due process. The Bankruptcy Court preliminarily approved the Settlement and the proposed Notice on October 28, 2021. Notice was provided to the Class promptly after the entry of the Preliminary Approval Order. GECRB's records and publicly available bankruptcy court records permitted identification of all Class Members known to GECRB, allowing the Notice to be sent directly to the Class Members. The Settlement Administrator sent Mail Notice directly to Class Members within thirty days after the Bankruptcy Court entered the Preliminary Approval Order. The Settlement Agreement, Long Form Notice and Claim Forms are also available on the Settlement Website.

I therefore conclude that Mail Notice was provided to all Class Members in a timely fashion, giving them sufficient time to decide whether to participate in the Settlement, object or opt out. Notice in this action meets the reasonableness standard.

Finally, Notice is sufficiently detailed in compliance with Rule 23(c)(3). The Long Form Notice, available on the Settlement Website, describes the nature of the Action, defines the Settlement Class, explains the Released Claims, as well as the monetary and other terms of the Settlement, fully details the Settlement Class Members' rights, indicates the process for opting out of or objecting to the Settlement, and details the provisions for payment of Attorneys' Fees and Expenses and provides contact information for Class Counsel. For these reasons, the Notice provided to the Class is both reasonable and practicable under the circumstances.

Accordingly, the Settlement embodied in the Settlement Agreement is hereby finally approved in all respects, there is no just reason for delay, and the parties are hereby directed to perform its terms.

## IV. The motion for an award of attorney's fees, costs, and an incentive award payment is granted.

Class Counsel has filed an uncontested motion for attorneys' fees, expenses, and an incentive award payment. I have considered all matters submitted to the court at the final approval hearing and all papers filed in this matter.

It is hereby ordered that:

1. The Settlement Agreement is incorporated by reference in this Decision and Order as though fully set forth herein. All capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2. Class Counsel is hereby awarded fees and expenses of $2,000,000.00, which sum the court finds to be fair and reasonable. In making this award, as set forth fully above, this court has considered and found that:

(a) the Notice advised that Class Counsel would move for an award of fees and expenses of up to $2,000,000.00, no objections were filed with respect to the award of the fees and expenses disclosed in the Class Notice, and Defendant did not oppose the award;

(b) this action involves complex factual and legal issues, was actively prosecuted and, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(c) Class Counsel exhibited exemplary skill and prudence in pursuing the actions on behalf of the Class Representative and the Class;

(d) the hourly rates charged by Class Counsel are reasonable;

(e) had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representatives and the Class would recover less or nothing from the Defendant;

(f) the amount of the fees awarded herein is consistent with awards in similar cases;

(g) the fees and expenses awarded herein shall be paid from the Settlement Fund consistent with the terms of the Settlement Agreement.

3. The court finds that an award to the Class Representative for her time and effort in representing the Class in the prosecution of the action is fair and reasonable, and thus awards the Class Representative an incentive award in the amount of $10,000.00. The incentive award shall be paid from the Settlement Fund consistent with the terms of the Settlement Agreement.

4. GECRB shall fund the Settlement Fund consistent with the terms of the Settlement Agreement.

## CONCLUSION

For all of the reasons discussed above: (1) the motion to withdraw the bankruptcy reference is GRANTED; (2) the court affirms certification of the Settlement Class and designation of the Class Representative and Class Counsel is affirmed; (3) the motion for final approval of the Settlement Agreement is GRANTED; and (4) the motion for an award of attorney's fees, costs, and an incentive fee payment is GRANTED. And pursuant to the terms of the Settlement Agreement, the underlying action against GE Money Bank is hereby terminated with prejudice.

This constitutes the decision and order of the court. It is a written opinion. The Clerk of Court is respectfully directed to terminate the motions at Docket Numbers 1, 6, and 10.

Dated: New York, New York
February 10, 2022

U.S.D.J.

BY ECF TO ALL PARTIES